**Office of Disciplinary Counsel v. McKeon**

Disciplinary Board Docket nos. 23 D.B. 2005 and 122 D.B. 2005.

PIETRAGALLO, *Panel Chair,* November 8, 2005—

## RECOMMENDATION OF THREE-MEMBER PANEL OF THE DISCIPLINARY BOARD OF THE SUPREME COURT OF PENNSYLVANIA

The three-member panel of the Disciplinary Board of the Supreme Court of Pennsylvania, consisting of Board Members William A. Pietragallo, Donald E. Wright Jr., and Francis X. O'Connor, has reviewed the joint petition in support of discipline on consent filed in the above-captioned matter on October 7, 2005.

The panel approves the petition consenting to a three-month suspension, followed by two years probation with a sobriety monitor subject to the conditions set forth in the joint petition and recommends to the Supreme Court of Pennsylvania that the attached joint petition be granted.

The panel further recommends that any necessary expenses incurred in the investigation and prosecution of this matter shall be paid by the respondent-attorney as a condition to the grant of the petition.

---

## JOINT PETITION IN SUPPORT OF DISCIPLINE ON CONSENT UNDER Pa.R.D.E. 215(d)

Petitioner, Office of Disciplinary Counsel, by Paul J. Killion, Chief Disciplinary Counsel, and Harriet R.

Brumberg, Disciplinary Counsel, and by John R. Carroll, Esquire, Counsel for respondent, and John Harold McKeon Jr., respondent, file this joint petition in support of discipline on consent under Pennsylvania Rule of Disciplinary Enforcement 215(d), and respectfully represent that:

## I. *Background*

(1) Respondent, John Harold McKeon Jr., was born on August 29, 1949, and was admitted to practice law in the Commonwealth on October 16, 1979.

(2) Respondent had maintained an office for the practice of law at the law firm of Conrad, O'Brien, 1515 Market Street, 16th Floor, Philadelphia, PA 19102.

(3) On March 29, 2005, petitioner filed a petition for discipline against respondent, which was docketed at no. 23 D.B. 2005; on May 12, 2005, respondent filed an answer and new matter. On June 22, 2005, a prehearing conference was held in no. 23 D.B. 2005; on August 5, 2005, the Disciplinary Board entered an order continuing the case to enable the parties to consolidate two related disciplinary matters.

(4) By letter dated July 5, 2005, petitioner forwarded to the Pennsylvania Supreme Court a certificate of conviction that showed that respondent was convicted of possession of a controlled substance (cocaine) in New Jersey. By order dated August 10, 2005, the Supreme Court referred the matter to the Disciplinary Board pursuant to Pa.R.D.E. 214(f)(1). On August 11, 2005, the Disciplinary Board referred the matter, which was docketed at no. 122 D.B. 2005, to petitioner for handling pursuant to Pa.R.D.E. 214 and D.Bd. Rules §91.35.

## II. *Factual Admissions and Violations of Rules of Professional Conduct*

(5) Respondent specifically admits to the truth of the factual allegations and conclusions of law contained in paragraphs 6 through 18.

(6) On December 31, 2003, respondent was arrested by Philadelphia Police and charged with driving under the influence of a controlled substance, 75 Pa.C.S. §3731(a)(2) (repealed), a misdemeanor of the second degree. *Commonwealth v. McKeon,* MC no. 3384, December term, 2003 (Philadelphia County).

(7) On September 22, 2004, respondent pled not guilty to the charge of driving under the influence. After the receipt of evidence in a stipulated non-jury trial, the Honorable William A. Meehan found respondent guilty as charged.

(8) On September 22, 2004, Judge Meehan sentenced respondent to six months of reporting probation, concurrent with a term of imprisonment of 30 days flat, with credit for time served in an executive addictive disease program from February 4, 2004, through May 12, 2004. Respondent was also ordered to attend Highway Safety School; submit to random drug testing; complete a program with Advanced Recovery Center; and pay various fines, court costs and fees.

(9) The crime of driving under the influence of a controlled substance (first or second offense) is punishable by imprisonment for up to two years.

(10) The crime of which respondent was convicted constitutes a "serious crime," as defined by Pa.R.D.E. 214(i).

(11) Respondent's conviction constitutes a per se ground for discipline under Pa.R.D.E. 203(b)(1).

(12) By order dated March 4, 2005, the Supreme Court of Pennsylvania referred respondent's criminal conviction matter to the Disciplinary Board pursuant to Pa.R.D.E. 214(f)(1).

(13) As a result of being convicted of 75 Pa.C.S. §3731(a)(2) (repealed), respondent has violated Pa.R.D.E. 203(b)(1), which provides that conviction of a crime, which under Enforcement Rule 214 (relating to attorneys convicted of crimes) may result in suspension, shall be grounds for discipline.

(14) On July 15, 2004, respondent was arrested in New Jersey and charged with possessing a controlled substance, namely cocaine, a crime of the third degree, in violation of N.J.S.A. 2C:35-10(a)(1).

(15) On May 16, 2005, the Honorable John A. Almeida of the New Jersey Superior Court found respondent guilty as charged and sentenced respondent to one year probation. In addition, respondent was ordered to pay the following fees on or before September 1, 2005: $50 to Violent Crimes Compensation Board (VCCB); $75 to Safe Neighborhood Services Fund (SAFE); $30 to Law Enforcement Officers Training and Equipment Fund (LETF); $3 Supervision Fee; $2 Transaction Fee; $1,000 to Drug Enforcement and Demand Reduction (DEDR); and $50 Lab Fee. Furthermore, Judge Almeida suspended Mr. McKeon's driver's license for six months, ordered him to continue with the Drug Treatment Program, and ordered him to provide a DNA sample and pay the cost for testing the provided sample.

(16) The crime of which Mr. McKeon was convicted is punishable by imprisonment for up to five years. N.J.S.A. 2C:43-6(a)(3). This is a "serious crime" as defined by Pa.R.D.E. 214(i).

(17) Respondent's conviction constitutes a per se ground for discipline under Pa.R.D.E. 203(b)(1).

(18) As a result of being convicted of N.J.S.A. 2C:43-6(a)(3), respondent has violated Pa.R.D.E. 203(b)(1), which provides that conviction of a crime, which under Enforcement Rule 214 (relating to attorneys convicted of crimes) may result in suspension, shall be grounds for discipline.

## JOINT RECOMMENDATION FOR DISCIPLINE

(19) Petitioner and respondent jointly recommend that the appropriate discipline for respondent's admitted misconduct is a three-month suspension from the practice of law to be followed by two years of probation with a sobriety monitor, with conditions as set forth in the attached, proposed order (and any other conditions the Disciplinary Board deems appropriate).

(20) Respondent hereby consents to the discipline being imposed by the Supreme Court of Pennsylvania. Attached to this petition is respondent's executed affidavit required by Pa.R.D.E. 215(d), stating that he consents to the recommended discipline and the mandatory acknowledgements contained in Pa.R.D.E. 215(d)(1) through (4).

(21) Petitioner and respondent respectfully submit that there are several mitigating circumstances:

(a) Respondent has admitted to engaging in misconduct and violating the Pennsylvania Rules of Disciplinary Enforcement;

(b) Respondent has cooperated with petitioner, as evidenced by respondent's admissions herein and consent to discipline; and

(c) Respondent has no prior history of discipline.

(22) Respondent is aware that if he is suspended from the practice of law in Pennsylvania, then he may be subject to reciprocal discipline in New Jersey where he currently resides and is licensed to practice law.

(23) Respondent is aware that if he violates his probation, then he may be subject to additional discipline pursuant to D.Bd. Rules §89.292.

(24) A suspension of three months to be followed by two years of probation with a sobriety monitor is within the range of discipline imposed in similar Pennsylvania cases involving attorneys who have been convicted of driving under the influence or convicted of possession of cocaine. Compare *Office of Disciplinary Counsel v. Anonymous Attorney,* No. 105 D.B. 2002 (D.Bd.Rpt. 11/19/03) (attorney received private reprimand and probation for driving under the influence conviction) with *In the Matter of Michael G. Paul,* 572 Pa. 421, 817 A.2d 446 (2003) (attorney received three-month reciprocal suspension in Pennsylvania following a three-month suspension in New Jersey for a cocaine possession conviction) and *Office of Disciplinary Counsel v. Glass No. 5 D.B. 95,* D.Bd. Rpt. 4/1/97 (S.Ct. Order 5/21/97) (attorney convicted of procuring cocaine for his personal cocaine supplier and keeping

some cocaine for his personal use, was suspended for two-and-one-half years).

Wherefore, petitioner and respondent respectfully request that:

(a) Pursuant to Pa.R.D.E. 215(e) and 215(g), the three-member panel of the Disciplinary Board review and approve the joint petition in support of discipline on consent and file its recommendation with the Supreme Court of Pennsylvania recommending that the Supreme Court enter an order:

(1) suspending respondent from the practice of law for a period of three months, to be followed by two years of probation with a sobriety monitor, with conditions as set forth in the attached proposed order (and any other conditions the Disciplinary Board deems appropriate); and

(2) directing respondent to comply with all provisions of Pa.R.D.E. 217.

(b) Pursuant to Pa.R.D.E. 215(i), the three-member panel of the Disciplinary Board order respondent to pay the necessary expenses incurred in the investigation and prosecution of this matter as a condition to the grant of the petition, and that all expenses be paid by respondent before the imposition of discipline under Pa.R.D.E. 215(g).

---

AFFIDAVIT UNDER RULE 215(d), Pa.R.D.E.

Respondent, John Harold McKeon Jr., hereby states that he consents to the imposition of a suspension from

the practice of law for a period of three months to be followed by two years of probation with a sobriety monitor and conditions, as jointly recommended by petitioner and respondent in the joint petition in support of discipline on consent and proposed order, and further states that:

(1) His consent is freely and voluntarily rendered; he is not being subjected to coercion or duress; he is fully aware of the implications of submitting the consent; and he has consulted with counsel in connection with the decision to consent to discipline;

(2) He is aware that there are presently pending two proceedings involving allegations that he is guilty of misconduct as set forth in the joint petition;

(3) He acknowledges that the material facts set forth in the joint petition are true; and

(4) He knows that if the charges pending against him continue to be prosecuted in the pending proceedings he could not successfully defend against them.

---

## VERIFICATION

The statements contained in the foregoing joint petition in support of discipline on consent under Rule 215(d), Pa.R.D.E. are true and correct to the best of our knowledge or information and belief and are made subject to the penalties of 18 Pa.C.S. §4904, relating to unsworn falsification to authorities.

## ORDER

And now, January 5, 2006, upon consideration of the recommendation of the three-member panel of the Dis-

ciplinary Board dated November 8, 2005, the joint petition in support of discipline on consent is hereby granted in accordance with Rule 215(g), Pa.R.D.E., and it is ordered that John Harold McKeon Jr. is suspended on consent from the bar of this Commonwealth for a period of three months, to be followed by probation for a period of two years, subject to the following conditions:

(1) Respondent shall abstain from using alcohol or any other mind-altering chemical;

(2) Respondent shall regularly attend Alcoholics Anonymous meetings on a weekly basis and provide written verification of attendance to the board on a board-approved form;

(3) Respondent shall obtain a sponsor in Alcoholics Anonymous and maintain weekly contact with that sponsor;

(4) A sobriety monitor shall be appointed in accordance with Disciplinary Board Rule §89.293(c);

(5) Respondent shall furnish his sobriety monitor with his Alcoholics Anonymous sponsor's name, address and telephone number;

(6) Respondent shall undergo any counseling or treatment prescribed by a physician or alcohol counselor;

(7) Respondent shall file with the Secretary of the Board quarterly written reports;

(8) With the sobriety monitor, respondent shall:

(a) meet at least twice a month;

(b) maintain weekly telephone contact;

(c) provide the necessary properly executed written authorizations to verify his compliance with the required substance abuse treatment; and

(d) cooperate fully.

(9) The appointed sobriety monitor shall:

(a) monitor respondent's compliance with the terms and conditions of the order imposing probation;

(b) assist respondent in arranging any necessary professional or substance abuse treatment;

(c) meet with respondent at least twice a month, and maintain weekly telephone contact with respondent;

(d) maintain direct monthly contact with the Alcoholics Anonymous chapter attended by the respondent;

(e) file with the Secretary of the Board quarterly written reports; and

(f) immediately report to the Secretary of the Board any violations by the respondent of the terms and conditions of the probation.

Respondent shall comply with all the provisions of Rule 217, Pa.R.D.E.

Former Justice Nigro did not participate in this matter.